IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

---

| | | |
|---|---|---|
| ISLET SCIENCES, INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| AVOLYNT, INC., BRIGHTHAVEN VENTURES, LLC, WILLIAM WILKISON, and JAMES GREEN, | : | No. 5:19-CV-145-D |
| Defendants. | : | |
| And | : | |
| AVOLYNT, INC., BRIGHTHAVEN VENTURES, LLC, WILLIAM WILKISON, and JAMES GREEN, | : | |
| Counterclaim/Third-Party Plaintiffs, | : | |
| v. | : | |
| ISLET SCIENCES, INC., JOHN F. STEEL, IV., LARRY K. ELLINGSON, JAMES A. HARPER, RICHARD D. PILNIK, EUGENE M. MANNHEIMER, and GARY R. KEELING | : | |
| Counterclaim/Third-Party Defendants. | : | |

---

**[PROPOSED] JOINT STIPULATION REGARDING
ESI AND DISCOVERY PRODUCTIONS**

1. This stipulation supplements all other discovery rules and orders. It streamlines Electronically Stored Information[1] ("ESI") production and the informal resolution of discovery

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

disputes to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. A party's meaningful compliance with this stipulation and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

3. The parties and their counsel shall retain, and preserve all electronic media in their possession, custody, or control that contain data, files, and communications relevant to the claims and defenses in this case, from all reasonably identifiable sources (including, but not limited to, mainframe computers, servers, laptops, work stations, and personal digital assistants). The parties shall notify all potential individual users of computer equipment or the data, files, and communications of the immediate need to preserve all existing data, files, and communications.

4. **No Backup Restoration**. Absent a showing of good cause, no party need restore any form of media as to which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

5. **Production**. Absent agreement of the parties or further order of this Court, the following parameters shall apply to production:

    a. <u>Format</u>. Electronic and hard copy shall be produced to the requesting party as text searchable files in a reasonably accessible format (*e.g.*, TIFF or pdf). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF or pdf files and associated

multi-page text files containing extracted text or OCR with load files containing all requisite information including relevant metadata.

b. <u>Metadata</u>. For all produced materials, the parties are only obligated to provide the following metadata, to the extent such metadata exists: Custodian, File Path, Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

c. <u>Footer</u>. Each document image shall contain a footer with a sequentially ascending production number.

d. <u>Native Files</u>. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format on a showing of good cause, and upon receipt of such a request, the producing party shall produce the document in its native format unless the producing party disputes the reasonableness of the request. Notwithstanding anything to the contrary, any database or spreadsheet files (e.g., MS Excel or MS Access files) shall be produced in their native formats. A placeholder indicating that the document was provided in native format should accompany the database record.

e. <u>Presentations</u>. The parties shall take reasonable efforts to process presentations (e.g., MS PowerPoint, Google Slides) with hidden slides and speaker's notes unhidden, and to show both the slide and the speaker's notes, if any, on the TIFF or pdf image.

3

f. <u>Voicemail and Mobile Devices</u>.  Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.  Testimony or evidence showing that a custodian has discoverable information or e-mail that is not accessible from other sources shall constitute good cause.

6. **No Effect On Cost Shifting.**  Nothing in this stipulation shall affect, in any way, a producing party's right under the Federal Rules of Civil Procedure to seek reimbursement for costs associated with collection, review, and/or production of documents or ESI.

7. **Disagreements**.  The parties agree that before filing any motions or objections related to a party's performance under this stipulation, the parties shall have an obligation to meet and confer in good faith in an effort to resolve the dispute.  If an agreement is not reached, a party may file a motion with the Court challenging the other party's compliance with the terms of this stipulation, subject to the requirements of the Local Rules.

8. Except as expressly stated, nothing in this stipulation affects the parties' discovery obligations under the Federal or Local Rules.

Respectfully submitted, this the 7th day of February, 2020.

*/s/ Robert C Van Arnam*
Robert C. Van Arnam
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4055
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com

4

*Rule 83.1 Counsel for Plaintiff Islet Sciences, Inc.*

*/s/ Francisco A. Villegas*
Francisco A. Villegas
ARMSTRONG TEASDALE LLP
919 Third Ave, 37th Floor
New York, NY 10022
Phone: (212) 209-4436
fvillegas@atllp.com

*Counsel for Plaintiff*


*/s/ K. Alan Parry*
K. Alan Parry
State Bar No. 31343
PARRY LAW, PLLC
The Europa Center
100 Europa Drive, Suite 351
Chapel Hill, NC 27517
Phone: 919.913.3320
Fax: 919.869.2600
kap@parryfirm.com

*Counsel for Defendants and Counterclaim-Plaintiffs Avolynt, Inc., Brighthaven Ventures, Llc, William Wilkison, And James Green*

SO ORDERED this the _____ day of _____, _____.

_____

JAMES C. DEVER III

United States District Judge

5