IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA WESTERN DIVISION
No. 5:19-CV-145-D

| | |
|---|---|
| ISLET SCIENCES, INC., | : |
| Plaintiff, | : |
| v. | : |
| AVOLYNT, INC., BRIGHTHAVEN VENTURES, LLC, WILLIAM WILKISON, and JAMES GREEN, | : |
| Defendants. | : |
| And | : DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER |
| AVOLYNT, INC., BRIGHTHAVEN VENTURES, LLC, WILLIAM WILKISON, and JAMES GREEN, | : |
| Counterclaim/Third-Party Plaintiffs, | : |
| v. | : |
| ISLET SCIENCES, INC., JOHN F. STEEL, IV., LARRY K. ELLINGSON, JAMES A. HARPER, RICHARD D. PILNIK, EUGENE M. MANNHEIMER, and GARY R. KEELING | : |
| Counterclaim/Third-Party Defendants. | : |

Pursuant to Fed. R. Civ. P. 26 and 45 and Local Civil Rules 7.1 and 26.1, Defendants and Counterclaim-Plaintiffs Avolynt, Inc. ("Avolynt"), Brighthaven Ventures, LLC ("BHV"), William Wilkison ("Wilkison"), and James Green ("Green") (collectively, "Defendants") hereby seek a protective order precluding Plaintiff and Counterclaim Defendants Islet Sciences, Inc. ("Islet"), John F. Steel, IV, Larry K. Ellingson, James A. Harper, Richard D. Pilnik, Eugene M. Mannheimer, and Gary R. Keeling (collectively, the "Islet Parties") from pursuing broad,

1

damages-focused discovery pending this Court's decision on Defendants' Motion to Bifurcate and to Stay Discovery (ECF Nos. 106 and 107) (the "Motion to Bifurcate"), which is fully briefed and ripe for disposition.

## SUMMARY OF THE NATURE OF THE CASE

This action is part of a long-running dispute between these parties involving a pharmaceutical product called remogliflozin ("Remo"), the latest iteration of which resulted in a final judgment in the North Carolina Business Court against Islet, dismissing with prejudice Islet's claims relating to the product and alleged agreements at issue here and awarding seven-figure damages to Defendants Green, Wilkison, and BHV on their counterclaims. Rather than paying those prior judgments, Islet instead seeks the same relief again in this Court, this time asserting an alleged pre-existing verbal joint venture agreement that Islet, for whatever reason, failed to mention when it sought the same relief from the same parties before. Islet's claims in this action are barred by *res judicata* and are factually and legally defective for numerous other reasons, as summarized in the Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF No. 61) ("Defendants' MTD Brief") and Defendants' and Counterclaim Plaintiffs' First Amended Answer to Second Amended Complaint and Counterclaims (ECF No. 87) ("Answer and Counterclaims"). Defendants are also pursuing counterclaims against Islet and several of its former directors, seeking declaratory judgments and recovery of damages suffered as a result of Counterclaim Defendants' continued refusal to honor releases and indemnification obligations, as well as malicious prosecution, abuse of process, and other efforts to improperly harm Defendants in the marketplace. (ECF No. 87 at 25-50).

2

Case 5:19-cv-00145-D   Document 123   Filed 03/25/20   Page 2 of 10

# STATEMENT OF RELEVANT FACTS

The background facts and procedural history of this dispute are summarized in detail in the Defendants' MTD Brief and its attachments, as well as the pending Motion to Bifurcate. In the interest of efficiency, those facts will not be repeated in full here.

The parties have fully briefed the issues presented in the Motion to Bifurcate, specifically, the Defendants' request for separate trials on liability and damages, with an accompanying stay of onerous damages discovery pending resolution of the more discrete threshold liability questions, the determination of which may well eliminate, or at least significantly limit, the need for the far-flung discovery fishing expedition contemplated by the Islet Parties. (ECF No. 107 at 6-9).

Notwithstanding the pendency of that Motion, the Islet Parties decided to press the issue by moving ahead with broad damages discovery targeting multiple third parties without awaiting this Court's decision. On February 21, 2020, the Islet Parties sent Defendants Notices of Subpoenas *Duces Tecum* for third-party entities Glenmark Pharmaceutical Inc. ("Glenmark"), Kissei America, Inc. ("Kissei"), Libbs North America, LLC ("Libbs"), and Torrent Pharma, Inc. ("Torrent"). Copies of the proposed subpoenas to those parties were also provided, and are attached as **Exhibits A-D**, respectively (the "Subpoenas").

The list of documents requested from each of these third parties is identical. The requests are broad, burdensome, unlimited as to time or region, and conceivably relevant, if at all, only to Islet's damages theories in this case. For example, the Islet Parties demand that these third parties produce, *inter alia*, all draft and final versions of any written agreements relating to Remo; all documents relating to consideration of approval of Remo by any regulatory or licensing agencies; all documents relating to payments or reimbursements related to Remo; all documents concerning the value of Remo, including financial forecasts, valuations, market analyses for the entire global

3

market; documents relating to competitors or alternatives to Remo in the entire global market; documents relating to Remo actual and projected market size and penetration in the entire global market; and documents concerning assessments or evaluations of any Remo clinical trials. (**Exs. A-D**). These requests represent exactly the type of far-reaching discovery that is the subject of the pending Motion to Bifurcate, because the broad requests have no impact whatsoever on the discrete liability issues in the case, the resolution of which could well moot, or at least substantially limit, the need for damages discovery. If the Court grants the pending Motion to Bifurcate, all or nearly all of the requests contained in these Subpoenas would be premature.

Counsel initially conferred and reached agreement that the Islet Parties would postpone service of the Subpoenas for a time, to avoid needless additional motions practice. (**Ex. E**). On March 11, however, counsel for the Islet Parties advised that they would move ahead with serving the Subpoenas, notwithstanding the fact that the Motion to Bifurcate remains pending and unresolved. (*Id.*). Though Defendants were not provided with updated copies of the Subpoenas, it is Defendants' understanding that the requests are identical to the drafts provided on February 21 and that the date for production of the requested documents is April 10, 2020.

Accordingly, for the reasons set forth in the Motion to Bifurcate and as further summarized below, Defendants seek a protective order quashing the Subpoenas or, in the alternative, ordering that the response deadline is stayed pending the Court's decision on the Motion to Bifurcate.

**ARGUMENT**

For good cause, a court may issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such a protective order may, *inter alia*, forbid the discovery altogether, forbid inquiry into certain matters or limit the scope of discovery to certain matters, or specify terms, including the timing, of the

4

requested discovery. *See* Fed. R. Civ. P. 26(c)(1). A party claiming a personal right regarding the information sought has standing to challenge a subpoena directed to a non-party. *See Spring v. Bd. of Trs. of Cape Fear Cmty. College*, 2016 U.S. Dist. LEXIS 103977, at *3 (E.D.N.C. Aug. 8, 2016). Furthermore, where the challenging party has moved for a protective order under Rule 26, the Court is permitted to consider its position on the merits. *See Artis v. Murphy-Brown LLC*, 2018 U.S. Dist. LEXIS 113283, at *10-11 (E.D.N.C. July 9, 2018).

As an initial matter, the Subpoenas at issue here should be quashed on the grounds that they are premature, for all the reasons set out in more detail by Defendants in the January 24, 2020 Report of the Parties' Planning Meeting (ECF No. 101) and the Motion to Bifurcate. The information sought in the Subpoenas is primarily, if not exclusively, market and financial information regarding Remo that is relevant, if at all, only to Islet's damages theories. Because the threshold liability issues – as to which significant defenses have been raised – are discrete from the much more expansive damages issues, neither Defendants nor this Court, much less disinterested third parties, should be subjected to burdensome damages discovery until those threshold liability issues are resolved. Where threshold issues may be dispositive, it is proper for a court to grant a protective order limiting discovery to those threshold issues. *See Shomo v. Junior Corp.*, No. 7:11-cv-508, 2012 U.S. Dist. LEXIS 76463, at *22-23 (W.D. Va. June 1, 2012) (granting protective order to bifurcate discovery in the interest of judicial economy and justice); *see also Novopharm Ltd. v. TorPharm, Inc.*, 181 F.R.D. 308, 311-12 (E.D.N.C. 1998) (staying damages discovery "to defer costly discovery … pending the resolution of preliminary liability issues," where the production and synthesis of voluminous documents may ultimately become unnecessary).

In a securities class action, the Middle District granted the defendants' motion for protective order quashing subpoenas served by the plaintiffs on 14 non-parties. *In re: Cree Secs. Litig.*, 220 F.R.D. 443 (M.D.N.C. 2004). The defendants in that case asked the Court to order the plaintiffs to withdraw their subpoenas based on the discovery stay imposed by the Private Securities Litigation Reform Act during the pendency of a motion to dismiss. *See id.* at 446. Noting that "[a] central purpose of the stay is to protect against abusive and excessive discovery costs," the Court granted the defendants' motion in part and quashed the outstanding subpoenas. *Id.* at 447; *see also Artis*, 2018 U.S. Dist. LEXIS 113283, at *10-11 (quashing document subpoenas containing "exhaustive and wide-ranging requests" that were served outside the proper discovery period). Though a stay has not yet been entered here, Defendants have requested one, and that request is now fully briefed and ripe for this Court's disposition.

The existence of a pending motion has been found to constitute "good cause" for a protective order staying discovery. *See, e.g., Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting a stay of discovery pending disposition of a motion to dismiss); *Picture Patents, LLC v. Terra Holdings LLC,* 2008 U.S. Dist. LEXIS 98030, at *10 (S.D.N.Y. Dec. 3, 2008) ("[T]he discovery will necessarily be time consuming, burdensome and expensive. If defendants' dismissal motions prove meritorious, the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees."). In that context, courts consider the breadth of discovery sought, any prejudice that would result, and the strength of the motion. *See Hong Leong*, 297 F.R.D. at 72. The discovery sought here by the Islet Parties in the Subpoenas is extremely broad and would result in precisely the prejudice that Defendants seek to avoid in their pending

6

Motion to Bifurcate. Thus, at a minimum, any response to the Subpoenas should be stayed pending this Court's resolution of that pending motion.

In addition, the Subpoenas should also be quashed because the requests contained therein are overbroad, seek confidential and competitively sensitive information about Remo that is not relevant to the issues in dispute here, particularly at the liability phase, and would subject these third parties to undue burden if required to respond. *See Spring*, 2016 U.S. Dist. LEXIS, *4 ("In deciding whether to quash a subpoena or issue a protective order, a court balances the relevance of the information sought, the need of the information sought, issues concerning confidentiality, and the potential for harm to any party."); *see also Rosas v. Alices Tea Cup, LLC*, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015) ("Evidence that is irrelevant or may result in undue prejudice is outside the scope of discovery."). Aptly illustrating the breadth of Islet's discovery ambitions in this case, the Subpoenas purport to compel these non-parties to provide documents regarding, *inter alia*, the entire global market for Remo, notwithstanding the fact that the only territory contemplated by the alleged joint venture claimed by Islet in this case is North America and the European Union. (ECF No. 1-1). Defendants and the third-party recipients of these Subpoenas are entitled to be protected from this type of "annoyance, embarrassment, oppression, [and] undue burden or expense."

## CONCLUSION

For the reasons set forth above, the Subpoenas should be quashed or, at a minimum, stayed pending the Court's disposition of the pending Motion to Bifurcate, and the Defendants granted such other relief to which they may be entitled.

This the 25th day of March 2020.

                                              **PARRY LAW, PLLC**

By:    /s/ K. Alan Parry
        K. Alan Parry
        State Bar No. 31343
        The Europa Center
        100 Europa Drive, Suite 351
        Chapel Hill, NC 27517
        Phone: 919.913.3320
        Fax: 919.869.2600
        kap@parryfirm.com

        **COUNSEL FOR DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS AVOLYNT, INC., BRIGHTHAVEN VENTURES, LLC, WILLIAM WILKISON, AND JAMES GREEN**

## CERTIFICATE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 26(c)(1) and Local Civil Rule 7.1(c)(2), the undersigned certifies that the movant has in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this dispute without court action.

This the 25th day of March 2020.

/s/ K. Alan Parry
K. Alan Parry

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing document by filing it with the Court's CM/ECF system.

  This the 25th day of March 2020.

                  /s/ K. Alan Parry
                  K. Alan Parry