IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00145-D

| | |
|---|---|
| **Islet Sciences, Inc.**, | |
| Plaintiff, | |
| v. | **Order** |
| **Avolynt, Inc.,** et al., | |
| Defendants. | |

Islet Sciences, Inc., has sued Brighthaven Ventures, LLC, (now a subsidiary of Avolynt, Inc.) for breaching the terms of a joint venture that the companies allegedly formed to develop and market a drug called Remo. Second Am. Compl., D.E. 53. Islet claims that it bankrolled BHV's development of Remo and lent the company its industrial expertise, only to have BHV leave it high and dry once development was complete. *Id.* ¶¶ 84–108.

In April 2022, Islet moved to compel discovery responses about drugs that BHV has developed since its split with Islet. Pl.'s Second Mot. Compel, D.E. 167. In August, the court denied that motion. Order Denying Pl.'s Second Mot. Compel, D.E. 191. After the parties could not agree on the practical effect of the court's order, Islet moved the court to clarify or otherwise reconsider its ruling. Mot. for Clarification or Reconsideration, D.E. 195. It also asked the court to extend case deadlines. Mot. to Extend Deadlines, D.E. 200.

For the reasons below, the court denies Islet's request for reconsideration. The deadlines Islet identified in its motion to extend will be bumped back to account for the time it has taken the court to consider Islet's filings.

## I.    Background

This matter comes before the court after the parties found themselves unable to agree on the effect of an earlier court order. *See* Mem. Supp. Mot. for Clarification or Reconsideration at 6, D.E. 197. The contested factual events underlying this case were laid out in that prior order, and they do not bear repeating here. *See* Order Denying Pl.'s Second Mot. Compel at 1–5.

Discovery has not gone smoothly—Islet has filed two motions to compel already. The court granted the first but denied the second. *See* Order Granting Pl.'s First Mot. Compel, D.E. 150; Order Denying Pl.'s Second Mot. Compel. Since the court issued its order denying Islet's most recent motion to compel in August, the parties have disagreed about the allowable scope of discovery. *See* Mem. Supp. Mot. for Clarification or Reconsideration at 6. This disagreement caused Islet to file three motions in quick succession: one asking the court to clarify or reconsider its August order,[1] another requesting an extension of discovery deadlines, and a third urging the court to address the two other motions on an expedited basis.[2] *See* Motions at D.E. 195, 200, 201.

When Islet last moved to compel, it sought information about drugs that Defendants developed through joint ventures with other companies after terminating their relationship with Islet. *See* Order Denying Pl.'s Second Mot. Compel at 5. Some of these drugs contain Remo combined with another pharmaceutical, while others are standalone formulations in which Remo plays no part. *Id.* Islet contended that it needed information about these drugs' development and

---

[1] As BHV suggests, Islet's motion for reconsideration is untimely. Under the Federal Rules of Civil Procedure, a party must generally file objections to magistrate judges' orders within 14 days of the order's issuance. Fed. R. Civ. P. 72(a). Nearly two months passed before Islet asked the court to revisit its August order, rendering its motion untimely. But, as discussed below, Rule 54 allows the court to revise any of its interlocutory orders before it issues a final judgment. *Id.* 54(b). And because the parties' disagreement over the effects of the August order may not have manifested itself until after the window for reconsideration had passed, the court declines to toss out Islet's motion for untimeliness.

[2] The court addressed Islet's motion to expedite in an earlier order, tolling expert report deadlines pending the resolution of its motion for clarification. *See* Order Granting in Part Mot. to Extend Deadlines, D.E. 204. An updated discovery timeline is laid out below.

market potential to calculate the full extent of its damages, while Defendants countered that the discovery was neither relevant nor proportional to the needs of the case. *See id.* at 6.

The court sided with Defendants. *Id.* at 7–8. After combing through Islet's second amended complaint, the court concluded that none of Islet's claims for relief—as pleaded—extend beyond the "Remo Technology" itself. *Id.* at 7. And Islet does not include combination drugs in its definition of "Remo Technology." Instead, the term refers to "a diabetes treatment using the molecule Remogliflozin . . . and its salt carrier[.]" *Id.* (quoting Second Am. Compl. ¶ 27).

The court acknowledged that Islet also mentions the "Remo Formulation[,]" the "Kissei License[,]" and "BHV Patents" as sources of revenue that it has allegedly lost because of Defendants' trickery. *Id.* at 6. But it's Remo Technology all the way down—the "Remo Formulation" merely refers to a delivery mechanism for Remo, and the "Kissei License" and "BHV Patents" do not reference drugs other than the "Remo Technology" or the "Remo Formulation." *See id.* at 7. In sum, Islet's prayer for relief does not display an intent to seek damages beyond the "Remo Technology" as Islet defines it.

This reading of Islet's complaint was buttressed by a hearing, at which Islet provided no evidence explaining why discovery about drugs BHV developed after its relationship with Islet ended were relevant to its damages calculation. *Id.* at 8. The court counseled Islet to seek leave to amend once more if it desired to expand the scope of its discovery. *Id.* at 7.

Despite the plain language of the court's order—which denied Islet's motion to compel in full—the parties disagree about the order's implications. Islet now claims that the August order only prohibits it from discovering information about post-joint-venture drugs Defendants developed that don't contain Remo. Mem. Supp. Mot. for Clarification or Reconsideration at 7. And, if the order prohibits Islet from learning about Remo combination drugs, Islet requests that

3

the court reconsider its earlier judgment. *Id.* Defendants contend that the August order prohibits Islet from discovering information about all drugs they developed after parting ways with Islet (other than Remo Technology monotherapies) and that there is no good cause for reconsideration. Mem. Opp'n Mot for Clarification or Reconsideration at 4–8, D.E. 199.

## II.    Discussion

Once again, the court agrees with Defendants. The August order prohibits Islet from discovering information about non-Remo drugs and Remo combination drugs that Defendants developed after the parties ended their professional relationship. And Islet has not met its burden in proving that reconsideration is warranted. The parties will have another month and a half to comply with case deadlines.

### A.    Motion for Reconsideration

Federal Rule of Civil Procedure 54 allows a court to revise its interlocutory orders any time before final judgment when such relief is warranted. Fed. R. Civ. P. 54(b); *see also Am. Canoe Ass'n* v. *Murphy Farms*, *Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). Generally, motions for reconsideration under Rule 54(b) are granted only where: (1) there has been intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice. *See United States Tobacco Cooperative v. United States*, No. 5:18-CV-473-BO, 2019 WL 8323614, at *1 (E.D.N.C. Nov. 8, 2019); *Matter of Vulcan Const. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019). The decision to grant a motion under Rule 54(b) "lies within the discretion of the court," and such motions are "disfavored and should be granted sparingly." *United States Tobacco Cooperative*, 2019 WL 8323614, at * 1 (citation and internal quotation marks omitted).

Islet points to no change in the law that would govern its discovery dispute, and it does not ask the court to consider evidence that was unavailable when it drafted the August order. Thus, to successfully persuade this court to alter or amend its judgment, Islet must prove that a clear error by the court merits such a change.[3] It cannot do so.

The order denying Islet's second motion to compel states in clear terms that Islet's discovery limitations stem from its most recent complaint. Order Denying Pl.'s Second Mot. Compel at 6–7. The terms of the complaint do not extend beyond what Islet has defined as the Remo Technology, so the scope of damages discovery is necessarily limited to Defendants' enrichment flowing from that drug alone. *Id.* at 7. As discussed above, Islet defines the Remo Technology as "a diabetes treatment using the molecule Remogliflozin . . . and its salt carrier[.]" Second Am. Compl. ¶ 27. Combination therapies containing Remogliflozin mixed with other drugs—designed to treat other diseases—fall outside this definition.

And although the complaint alleges unjust enrichment, the purported gain only concerns certain defined terms. "When the Second Amended Complaint describes how Defendants were allegedly unjustly enriched," the court wrote, "it focuses solely on the Remo Technology, the Remo Formulation, and the Kissei License." *Id.* at 7. Nothing in the complaint's prayer for relief suggests that Islet seeks damages flowing from enrichment related to Remo combination drugs. Thus, the court did not commit a clear error in denying Islet the discovery it sought, and no manifest injustice will befall Islet from allowing the August order to stand.

---

[3] If Islet believed the August order contained clear error on its face, it was free to timely appeal and have its objections heard by a district judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The order explicitly denied Islet the disputed discovery about Remo combination drugs that it sought, but Islet declined to exercise its right of appeal.

5

**B.      Motion for Clarification**

Islet is not entitled to discovery about Remo combination drugs. As the court pointed out months ago, Islet's limitation on discovery is self-imposed. The remedy there—as here—is the same: amendment. Should Islet seek leave to amend a third time, the court will evaluate that motion on its merits. It will not, however, accept Islet's invitation to relitigate a dispute that was settled months ago.

**C.      Updated Case Deadlines**

Last month, the court stayed the parties' expert reports deadline pending the outcome of Islet's motion for clarification. *See* Order Granting in Part Mot. to Extend Deadlines, D.E. 204. The court said that it would revisit case deadlines more comprehensively when it ruled on the motion for clarification. *Id.* Given the time it has taken the court to rule on this discovery dispute (and the upcoming holidays) the court sees fit to push remaining deadlines back by a month and a half.

**III.      Conclusion**

The court's August order denying Islet's second motion to compel stands—Islet may not seek discovery about drugs that Defendants developed after the parties' relationship dissolved. Islet's motion for reconsideration (D.E. 195), then, is denied. If Islet wishes to make that discovery available, it may petition the court for permission to file a third amended complaint, and the court will evaluate that motion independently.

Case deadlines are modified as follows, though the parties may agree to alterations:

- Reports from retained experts are due January 19, 2023.

- Reports from rebuttal experts are due February 27, 2023.

- All discovery is to be completed by March 20, 2023.

6

- Dispositive motions are due April 10, 2023.

Dated:  December 19, 2022

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge