IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA WESTERN DIVISION
No. 5:19-CV-145-D

| | |
|---|---|
| ISLET SCIENCES, INC., | : |
| Plaintiff, | : |
| v. | : |
| AVOLYNT, INC., BRIGHTHAVEN VENTURES, LLC, WILLIAM WILKISON, and JAMES GREEN, | : |
| Defendants. | : ORDER |
| and | : |
| AVOLYNT, INC., BRIGHTHAVEN VENTURES, LLC, WILLIAM WILKISON, and JAMES GREEN, | : |
| Counterclaim/Third-Party Plaintiffs, | : |
| v. | : |
| ISLET SCIENCES, INC., JOHN F. STEEL, IV., LARRY K. ELLINGSON, JAMES A. HARPER, RICHARD D. PILNIK, EUGENE M. MANNHEIMER, and GARY R. KEELING | : |
| Counterclaim/Third-Party Defendants. | |

This matter comes before the Court on Defendants and Counterclaim Plaintiffs' (collectively, "Defendants") Motion to Seal Exhibits 1 and 4 to Islet's Memorandum in Support of Motion for Leave to Supplement its Third Amended Complaint, along with relevant portions of Islet's briefing, presently redacted in the

1

Court's record, that refer to or describe those exhibits. (DE 222, 222-1, 222-2). For the reasons stated herein, pursuant to this Court's authority under Local Civil Rule 79.2, the Court finds that the Motion to Seal should be granted.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

(i) the exact document or item, or portions thereof, for which filing under seal is requested;

(ii) how such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(iv) the reasons why alternatives to sealing are inadequate; and

(v) whether there is consent to the motion.

The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G. As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that the subject materials should be held under seal as requested.

Defendants have made a showing sufficient to overcome the common law and First Amendment presumptions to access with respect to these materials, which contain confidential, non-public business information.

While Defendants acknowledge and the Court agrees that, with respect to Islet's Memorandum, the proposed limited redactions are sufficient to address confidentiality concerns, sealing the exhibits themselves is an appropriate remedy, because alternatives to sealing are inadequate where the exhibits repeatedly reference confidential and sensitive business information. Therefore, redacting the exhibits would be impractical and would result in the near equivalent of documents that are sealed.

Defendants contacted the other parties to determine whether they would oppose this Motion. The other parties do not oppose this Motion.

BASED UPON the foregoing, it is therefore ORDERED that Exhibits 1 and 4 to Islet's Memorandum in Support of Motion for Leave to Supplement its Third Amended Complaint, along with relevant portions of Islet's briefing, presently redacted in the Court's record, that refer to or describe those exhibits (DE 222, 222-1, 222-2) shall be filed under SEAL with this Court.

SO ORDERED. This 17 day of March, 2023.

                                                JAMES C. DEVER III
                                                United States District Judge